IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **DENNIS BOYD,**<br>　　　　　　　　**Plaintiffs,**<br>vs.<br>**STRYKER CORPORATION and STRYKER SALES CORPORATION,**<br>　　　　　　　　**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:11CV44 DAK |

This matter is before the court on Defendants Stryker Corporation and Stryker Sales Corporation's ("Stryker" or "Defendants")  Motion to Dismiss.  A hearing on the motion was held on June 16, 2011.   At the hearing, Plaintiff Dennis Boyd was represented by Michael W. Young, and Defendants were represented by Michael F. Skolnik, Kevin R. Costello, and Gary T. Wight.  The court has carefully considered the memoranda and other materials submitted by the parties.   Since taking the matter under advisement, the court has further considered the law and facts relating to this motion.   Now being fully advised, the court renders the following Memorandum Decision and Order.

### I.  BACKGROUND

On August 5, 2002, Mr. Boyd underwent arthroscopic surgery on his right shoulder in Murray, Utah.  After surgery, Mr. Boyd's doctors affixed a Stryker PainPump to Plaintiff's shoulder.  The PainPump, through a catheter emanating from the pump and implanted through the skin and into a shoulder joint, injected anesthetic on a continuous basis following surgery.   In November of 2004, Mr. Boyd was diagnosed with Postarthroscopic Glenohumeral Chondrolysis

("Chondrolysis"), a painful destruction of shoulder joint cartilage.

In this case, Mr. Boyd alleges that this condition was caused by Stryker's pain pump and that Stryker deliberately concealed its dangerous nature from the public, including the doctors who prescribed the pump.[1]  Mr. Boyd filed suit in the United States District Court for the District of Minnesota on April 15, 2010, alleging negligence, negligent misrepresentation, fraud, and breach of warranty.  On November 8, 2010, the parties filed a Stipulation for Transfer to the United States District Court for the District of Utah, agreeing to the following: (1) Plaintiff currently resides in Lehi, Utah; (2) the infusion pump at issue was allegedly prescribed and affixed to Plaintiff's shoulder following shoulder surgery at a hospital in Murray, Utah; (3) the alleged injury occurred in Utah; and (4) the U.S. District Court for the District of Utah would be a more convenient forum for the lawsuit pursuant to 28 U.S.C. 1404(a).[2]  The case was docketed in the Utah court on January 11, 2011.[3]  Stryker then filed the instant motion to dismiss the case.

In the motion, Stryker argues that the Amended Complaint should be dismissed on three grounds.  First, Stryker contends, the entire action should be dismissed pursuant to Utah's two-year product liability statute of limitations.  Second, Stryker argues that the fraud claims are not pled with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.  Finally, Stryker argues that the Amended Complaint fails to state a claim for an award of attorneys' fees

---

[1] Mr. Boyd, however, does not rely on allegations that the applicable statute of limitations was tolled by fraudulent concealment.  See Docket. No. 12 at 2 n.1.

[2] Docket No. 8, Exhibit B.

[3] Docket text order, Docket no. 1, filed Jan. 11, 2011.

2

or disgorgement of profits.[4]

## II. DISCUSSION

It is undisputed that Mr. Boyd's claims are barred by the Utah statute of limitations, if it applies.[5] The question presented by this motion is whether Utah's–or Minnesota's– statute of limitations governs the claims. Mr. Boyd contends that the Minnesota statute of limitations applies to his claims because he initially filed the action in Minnesota, and, in Minnesota, the statute of limitations for product liability claims is six years.[6]

Stryker argues, however, that while the Minnesota statute of limitations for product liability is six years, the Minnesota legislature passed a borrowing statute, providing that, if a claim is based on the substantive law of another state, that state's statute of limitations will apply.[7] The borrowing statute applies to claims arising from incidents occurring on or after August 1, 2004."[8] The borrowing statute contains an exemption for Minnesota residents, but

---

[4] Plaintiff concedes that his claims for disgorgement of profits and attorney's fees are not available under Utah law and, therefore, this claim should be dismissed. *See* Docket No. 12 at 2 n.1.

[5] Utah's product liability statute provides for a two-year statute of limitations for product liability actions. Utah Code §78B-6-706. This statute of limitations applies to all actions that are based on an allegation that a manufacturer's product is or was defective. *Utah Local Gov't Trust v. Wheeler Mach. Co.*, 199 P.3d 949, 952 (Utah 2008). The limitations period begins to run when a plaintiff discovers or should discover his injury and the cause of that injury. *McKinnon v. Tambrands, Inc.*, 815 F. Supp 415, 418 (D. Utah 1993).

[6] Minnesota Statutes §541.05.

[7] Minnesota Statutes §541.31.

[8] Minnesota Statutes §541.34.

otherwise requires a court to choose the applicable statute of limitations through Minnesota's conflict of laws doctrine.[9] Stryker argues that here, the parties agree that because Mr. Boyd's claims arose in late 2004 or early 2005, which is after the August 1, 2004, effective date of the borrowing statute, the borrowing statute applies, and Utah's statute of limitations governs Mr. Boyd's claims.

The court disagrees with Stryker and finds that the six-year Minnesota statute of limitations applies to Mr. Boyd's claims.  As set forth above, Minnesota's borrowing statute applies to "claims arising from incidents occurring on or after August 1, 2004," but Mr. Boyd's claims arise from a 2002 arthroscopic surgery and are therefore not governed by the borrowing statute.   The court finds it significant that the language of the borrowing statute does *not* state that it applies to claims "arising" or "accruing" on or after August 1, 2004, but rather, to claims *arising from incidents* occurring on or after August 1, 2004.   Given that at least some other Minnesota statutes of limitation couch the limitations period in terms of "accrual,"[10] the court concludes that the Minnesota legislature could have used such language had it so intended.

Moreover, the Minnesota borrowing statute as proposed in the original bill, H.F. 2444, followed the Uniform Conflict of Laws – Limitations Act insofar as it barred as untimely claims of non-residents arising outside Minnesota "accruing after the effective date… ." *See* Minnesota House of Representatives Research Bill Summary, "H.F. 2444, Conflicts

---

[9] *Id.*

[10]  *See, e.g.*, Minn. Stat. § 541.076(b) (action against healthcare provider must be commenced "within four years from the date the cause of action accrued"); Minn. Stat. § 336.2-725 ("an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.").

of Law – Limitations Act, Version: As Introduced (March 5, 2004). However, H.F. 2444 was subsequently amended, enacted, and codified at Minnesota Statutes § 541.34. The amended borrowing statute changed the language so that it applied to claims "arising from incidents occurring on or after August 1, 2004" rather than to claims "accruing" after August 1, 2004. By amending the bill, the Minnesota Legislature clearly indicated its intent that the new borrowing statute not operate to bar a claim arising from a pre-August 1, 2004 incident for which the cause of action accrued after August 1, 2004.

Having concluded that Minnesota's borrowing statute does not apply to Mr. Boyd's claims, and because this case was transferred from Minnesota under 28 U.S.C. §1404 (a), this court must follow the choice of law rules that prevailed in the transferor court – Minnesota. *Van Deusen v. Borrack,* 376 U.S. 612 (1964), *Ferens v. John Deere Co.*, 494 U.S. 516 , 523 (1990).

In 2009, the Minnesota Supreme Court in *Fleeger v. Wyeth* , 771 N.W. 2d 524 (Minn. 2009), a product liability case originally filed in Minnesota between non-resident parties where the events giving rise to the claims occurred outside Minnesota before August 1, 2004, ruled that Minnesota's six-year statute of limitations applied as a procedural matter based on *stare decisis* considerations. *Id*. at 529. The court, after analyzing its previous treatment of statutes of limitations, determined that "[t]he common law in Minnesota is clear. . . . [W]e have considered statutes of limitations to be procedural without exception. As a result, because we apply the lex fori [doctrine] to procedural conflicts, we have applied the Minnesota statute of limitations to cases properly commenced here regardless of whether those cases have any connection to this state." *Id.* at 528.

In Minnesota, the statute of limitations is triggered when a plaintiff suffers damage as a

5

result of a defendant's action.[11]  In other words, "the limitations period begins to run when the plaintiff can allege each of the essential elements of a claim."[12]  Here, Mr. Boyd's claims accrued in late 2004 or early 2005, when diagnostic studies were interpreted as being consistent with chondrolysis, and his physician indicated his belief that there was a potential association between Plaintiff's prior PainPump use and his chondrolysis.  Even assuming that his claims accrued in November 2004–rather than early 2005–his product liability claims were filed within the six-year limitations period supplied by Minnesota law, as he filed his lawsuit in April 2010.[13]  Therefore, his negligence, negligent misrepresentation, and fraud claims survive.

In its motion to dismiss, Defendant has also argued that Plaintiff's fraud claims are not plead with sufficient particularity under Rule 9(b) of the Federal Rules of Civil Procedure.  Having reviewed the Amended Complaint, the court disagrees and finds that Plaintiff has adequately stated a fraud claim.

### III.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Stryker's Motion to Dismiss [Docket No. 7] is GRANTED in part and DENIED in part.  Plaintiff's claims for breach of warranty (Count IV) is DISMISSED, and his prayer for relief for disgorgement of profits and attorney's fees is DISMISED.  Plaintiff's remaining claims are not time-barred and therefore survive.

---

[11] *MacRae v. Group Health Plan, Inc.*, 753 N.W.2d 711, 719-20 (Minn. 2008).

[12] *Id*. at 717 (citing *Molloy v. Meier,* 679 N.W.2d 711, 721 (Minn. 2004).

[13] The Minnesota statute of limitations for breach of warranty is four years, and thus Mr. Boyd's claim for breach of warranty is time-barred.  *See* Minnesota Statutes §336.2-725.

DATED this 28th day of September, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge